**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**NATHAN HOUK-CANNELLA,**

**Plaintiff,**                                           **Case No.:**

**vs.**

**THE GETAWAY TAMPA BAY, LLC,
d/b/a THE GETAWAY, and
KARINA TASHKIN, individually,**

**Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Nathan Houk-Cannella, hereinafter referred to as ("Plaintiff"), by and through his undersigned counsel, hereby sues the Defendants, The Getaway Tampa Bay, LLC, d/b/a The Getaway, hereinafter referred to as ("The Getaway"), and Karina Tashkin, individually, hereinafter referred to as ("Tashkin") (collectively, "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3.      Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff is a resident of Florida.

5.      Defendant, The Getaway Tampa Bay, LLC, d/b/a The Getaway, is a Florida limited liability company, licensed and authorized to conduct business in Pinellas County, Florida, with its principal place of business located at 13090 Gandy Blvd, St. Petersburg, FL 33702.

6.      Defendant Karina Tashkin is an individual residing, upon information and belief, in Florida, and at all times material hereto was the owner and operator of The Getaway Tampa Bay, LLC, d/b/a The Getaway. At all times material, Tashkin acted directly in the interest of The Getaway Tampa Bay, LLC in relation to Plaintiff and other employees, exercised control over the terms and conditions of Plaintiff's employment, and made or ratified the employment decisions giving rise to this action, including the decision to terminate Plaintiff's employment. Tashkin is therefore an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

7.    Defendants are employers as defined by the FLSA, 29 U.S.C. § 203(d), and are subject to the requirements of the FLSA.

8.    At all times material hereto, Defendants employed Plaintiff and others within the meaning of the FLSA, 29 U.S.C. § 203(e).

## GENERAL ALLEGATIONS

9.    At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

10.    Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

11.    Plaintiff requests a jury trial for all issues so triable.

12.    All conditions precedent to bringing this action have occurred or have been waived.

## FACTUAL ALLEGATIONS

13.    Plaintiff Nathan Houk-Cannella is a resident of Florida who worked as a Server for Defendant at its establishment located at 13090 Gandy Blvd, St. Petersburg, Florida 33702.

14.    Defendant The Getaway Tampa Bay, LLC, d/b/a The Getaway, is owned and operated by Karina Tashkin.

3

15. Plaintiff was employed by Defendant from approximately March 2023 through May 14, 2026.

16. During the course of his employment, Plaintiff worked approximately 30 to 40 hours per week and was paid a wage of $9.98 per hour plus tips.

17. As a condition of employment, Plaintiff was required to participate in a tip pool maintained by Defendant.

18. Defendant's tip pool required Plaintiff and other servers to distribute their tips among servers, food runners, bussers, hosts, expo workers, and "team leads."

19. The "team leads" identified by Defendant as participants in the tip pool are management employees who did not meaningfully contribute to tip-generating service.

20. Defendant's inclusion of management-level employees in its tip pool was unlawful and resulted in a systematic reduction of the wages received by Plaintiff and similarly situated employees.

21. On certain shifts, Plaintiff generated over $300 in tips but received only $50 in tips after the required tip pool distribution.

22. By requiring Plaintiff to share his tips with management personnel, Defendant diverted wages that rightfully belonged to Plaintiff,

causing Plaintiff's effective compensation to fall below the applicable minimum wage.

23.    On May 14, 2026, between approximately 11:00 a.m. and 1:10 p.m., Plaintiff had a conversation with a new hire, Tarrisa Ostrowski, regarding the tip pool, including showing her the tip pool breakdown.

24.    After her shift, the new hire reported to Defendant's owner, Karina Tashkin, that she did not want to continue working there due to the tip pool structure.

25.    At approximately 3:00 p.m. on May 14, 2026, Defendants became aware of the conversation between Plaintiff and the new hire regarding the tip pool.

26.    Defendants reviewed surveillance footage, including audio, of the workplace conversation regarding the tip pool.

27.    At approximately 4:40 p.m. on May 14, 2026, Plaintiff received a message through the Square Team App informing him that he was terminated for discussing the tip pool. The message stated: "You talked about tip pool with new hire which could be misleading therefore you will no longer have a position here goodluck."

28.     Shortly after Plaintiff read the termination message, Defendant Tashkin removed Plaintiff from the messaging platform, eliminating his access to the termination notice.

29.     Plaintiff's conversation with his coworker regarding wages and tip distribution constitutes protected activity under the FLSA.

30.     Defendants terminated Plaintiff's employment in direct retaliation for engaging in that protected activity.

31.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered lost wages, lost employment opportunities, and other compensatory damages.

32.     Defendants' conduct was willful, reckless, and in callous disregard of Plaintiff's rights under the FLSA and Florida law.

## COUNT I
## FAIR LABOR STANDARDS ACT – MINIMUM WAGE VIOLATION
### (29 U.S.C. § 206)

33.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 32.

34.     At all times material, Plaintiff was employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

35.     Defendants were at all times material an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

36.     The FLSA prohibits employers from requiring tipped employees to share tips with managers, supervisors, or owners. 29 U.S.C. § 203(m)(2)(B).

37.     By including management-level "team leads" in its mandatory tip pool, Defendants unlawfully diverted a portion of the tips that rightfully belonged to Plaintiff.

38.     As a result of Defendants' unlawful tip pool arrangement, Plaintiff's effective wages fell below the minimum wage required by 29 U.S.C. § 206.

39.     Defendants' failure to pay Plaintiff the required minimum wage was willful within the meaning of the FLSA.

40.     As a result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

  a.     Back pay and benefits;

  b.     Interest on back pay and benefits;

  c.     Liquidated damages;

7

d.      Attorney's fees and costs; and

e.      All such other relief/damages to which Plaintiff is entitled.

## COUNT II
## FAIR LABOR STANDARDS ACT – OVERTIME VIOLATION
### (29 U.S.C. § 207)

42.      Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 32.

43.      The FLSA requires employers to compensate non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

44.      During certain workweeks within the applicable limitations period, Plaintiff worked in excess of forty (40) hours per week.

45.      Because Defendants unlawfully diverted tips from Plaintiff through an improper tip pool arrangement, Defendants failed to properly compute Plaintiff's regular rate of pay for purposes of calculating overtime compensation.

46.      Defendants failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207.

8

47.    Defendants' failure to pay proper overtime compensation was willful within the meaning of the FLSA.

48.    As a result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Liquidated damages;

d.    Attorney's fees and costs; and

e.    All such other relief/damages to which Plaintiff is entitled.

## COUNT III
## FAIR LABOR STANDARDS ACT – RETALIATION
### (29 U.S.C. § 215(a)(3))

49.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 32.

50.    The FLSA prohibits employers from discharging or in any other manner discriminating against any employee because such employee has engaged in protected activity under the FLSA. 29 U.S.C. § 215(a)(3).

51.    Plaintiff engaged in protected activity under the FLSA by discussing wage rates and tip distribution with a coworker, which constitutes protected conduct under the FLSA's anti-retaliation provisions.

52.    On May 14, 2026, Plaintiff discussed the tip pool breakdown with a new hire coworker, Tarrisa Ostrowski, regarding the structure and fairness of the tip pool maintained by Defendants.

53.    Defendants were aware of Plaintiff's protected activity and, on May 14, 2026, terminated Plaintiff's employment for engaging in that activity.

54.    The above-described acts of retaliation constitute a violation of the FLSA, 29 U.S.C. § 215(a)(3), for which Defendants are liable.

55.    As a result of Defendants' unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Interest on front pay and benefits;

e.    Compensatory damages, including those for emotional pain and suffering;

f.    Liquidated damages;

g.    Injunctive relief;

h.    Attorney's fees and costs; and

i.    All such other relief/damages to which Plaintiff is entitled.

## COUNT IV
### FLORIDA MINIMUM WAGE VIOLATION
**(Art. X, § 24, Fla. Const.; Fla. Stat. § 448.110)**

56.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 32.

57.    Article X, Section 24 of the Florida Constitution and Florida Statute § 448.110 require employers to pay employees no less than the Florida minimum wage for all hours worked in Florida.

58.    At all times material, Plaintiff was an employee entitled to receive at least the Florida minimum wage for all hours worked.

59.    Defendants are employers within the meaning of Fla. Stat. § 448.110 and were at all times obligated to pay Plaintiff no less than the Florida minimum wage.

60.    By requiring Plaintiff to distribute his tips to management-level employees through an unlawful tip pool arrangement, Defendants caused Plaintiff's effective compensation to fall below the Florida minimum wage for the hours Plaintiff worked.

11

61. Defendants' failure to pay Plaintiff the Florida minimum wage for all hours worked was willful.

62. As a result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Liquidated damages as provided by Fla. Stat. § 448.110;

d. Attorney's fees and costs; and

e. All such other relief/damages to which Plaintiff is entitled.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nathan Houk-Cannella respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

On Count I (FLSA – Minimum Wage):

a. All unpaid minimum wages owed, with interest;

b. Liquidated damages in an equal amount as provided by 29 U.S.C. § 216(b);

c. Attorney's fees and costs; and

d. Such other and further relief as the Court deems just and proper.

On Count II (FLSA – Overtime):

e. All unpaid overtime compensation owed, with interest;

f. Liquidated damages in an equal amount as provided by 29 U.S.C. § 216(b);

g. Attorney's fees and costs; and

h. Such other and further relief as the Court deems just and proper.

On Count III (FLSA – Retaliation):

i. Reinstatement of Plaintiff to his former position with the same seniority status he would have had but for the retaliation, or front pay in lieu thereof;

j. All back pay and benefits lost as a result of Defendants' retaliation, with interest;

k. Compensatory damages, including those for emotional pain and suffering;

l. Liquidated damages as provided by 29 U.S.C. § 216(b);

m. Attorney's fees and costs; and

n. Such other and further relief as the Court deems just and proper.

On Count IV (Florida Minimum Wage):

o. All unpaid Florida minimum wages owed, with interest;

p. Liquidated damages as provided by Fla. Stat. § 448.110;

q. Attorney's fees and costs; and

r. Such other and further relief as the Court deems just and proper.

13

On All Counts:

s.   Pre- and post-judgment interest as permitted by law;

t.   Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all counts and issues triable by jury.

**DATED** this 16 day of June 2026.

                    **FLORIN|GRAY**

                    */s/ Wolfgang M Florin*
                    **Wolfgang M Florin**
                    Florida Bar No.: 907804
                    Wflorin@floringray.com
                    16524 Pointe Village Drive,
                    Suite 100, Lutz, FL 33558
                    Telephone (727) 220-4000
                    Facsimile (727) 483-7942
                    *Attorneys for Plaintiff*